SPECTOR, Judge.
A trial jury rendered its verdict finding that appellant committed a robbery at the ABC Liquor Store in Tallahassee, Florida, on February 5, 1970. Appellant now seeks reversal of the judgment and sentence imposed upon him in consequences of the jury’s verdict.
The sole question raised on the appeal is the sufficiency of the evidence identifying appellant as the person who perpetrated the robbery. We hold that the ground thus raised for reversal is without merit. A review of the testimony reveals that the evidence of appellant’s guilt is legally sufficient. The manager at the store, Mr. Mike Malloy, identified the appellant as the person who committed the robbery. Mal-loy testified that appellant was in the store twice the same night, the robbery occurring on appellant’s second visit. Malloy stated that appellant was within a few feet of him and he was able to look right in his face.
Appellant’s contention that the evidence was insufficient seems centered upon the proposition that Malloy’s identifying testimony is based only upon the hat and coat which appellant was wearing at the time he was apprehended. These items were said to be the same as those worn by the robber on the occasion of the robbery two days earlier. If the garments were the only evidence identifying appellant as the robber, appellant’s argument might give cause for concern. However, the hat and coat were only corroborating evidence which tended to support Malloy’s basic evidence on identity that he recognized appellant directly as being the person who committed the robbery. At the time appellant was apprehended, he was in the company of a female companion. Shortly before the apprehension, appellant and his female companion were observed at the bus station by Mr. Malloy as he was driving by. Appar *170 ently appellant was aware that Malloy had observed him, since the girl testified that appellant had told her that he had seen somebody who recognized him and that he had to leave. In her own words, the witness stated that “Eddie (appellant) said that there goes the man who he robbed his store that Thursday night and so he said the man recognized him and he recognized the man because he had glasses on.” It was shortly after this that appellant was arrested outside of Crump’s Tavern where his efforts to elude capture were unsuccessful.
The evidence amply supported the verdict of guilt. Accordingly, the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.